UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
LIDA MALDONADO,                                          :        Hon. Joseph H. Rodriguez

      Plaintiff,                                                      :        Civil Action No. 13-1825

      v.                                                                  :        MEMORANDUM OPINION

LYONS, DOUGHTY, & VELDHUIS, P.C.,             :

      Defendant.                                                  :
_____

      This matter is before the Court Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [5]. The Court has considered the submissions of the parties and has decided the motion pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the motion will be granted.

## Background

      The Complaint alleges that Defendant Lyons, Doughty, & Veldhuis, P.C. violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2) and 1692c(c), by mailing a demand letter directly to Plaintiff when it knew of Plaintiff's cease and desist request and knew or could have readily ascertained that Plaintiff was represented by counsel. (Compl. ¶ 22.) The Complaint states that on or about March 22, 2011, original creditor HSBC Bank Nevada, N.A. was notified in writing that Plaintiff was represented by counsel, to cease and desist all direct communication with her and solely contact counsel. (Compl. ¶ 12.) On or about March 23, 2012, Defendant was retained by HSBC Bank Nevada, N.A. to collect the debt owed by Plaintiff.

      On or about March 23, 2012, Defendant mailed a letter to Plaintiff's residence referencing an alleged debt owed by Plaintiff to HSBC Bank Nevada, N.A. (Compl. ¶ 15 & Ex. A.) It stated: "Please be advised that this office represents HSBC Bank Nevada,

N.A. in connection with your account.  Our client has advised us that you have requested that you receive no further written or phone communication.  The purpose of this letter is merely to advise you of our representation and the balance set forth below. . . .  If you have any questions concerning this matter or if you wish to arrange for payment, please contact our office."  (Compl. ¶ 17 & Ex. A.)

Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678

---

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

3

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Fair Debt Collection Practice Act, 15 U.S.C. § 1692 et. seq.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The FDCPA prohibits, generally, the use of harassing oppressive, and abusive techniques in connection with the collection of debts, 15 U.S.C. § 1692d; the use of false, deceptive, or misleading representations in connection with the collection of debts, 15 U.S.C. § 1692e; and the use of unfair or unconscionable means in connection with the collection of debts, 15 U.S.C. § 1692f. Section 1692k provides a private right of action to any person with respect to whom a debt collector has violated the statute. 15 U.S.C. § 1692k(a).

Section 1692c(a)(2) of the Act provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt -- if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge

> of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

To be liable under § 1692c(a)(2), a debt collector must have actual knowledge of the debtor's representation. <u>Ortiz v. Malcom S. Gerald & Assoc.</u>, No. 11-5959 (CCC), 2012 WL 1831566, *3 (D.N.J. May 17, 2012) (citing <u>Vega v. United Recovery Sys., L.P.</u>, No. 11–5995 (SRC), 2012 WL 458468 (D.N.J. Feb. 9, 2012); <u>Pagan v. United Recovery Sys., L.P.</u>, No. 11–5994 (FSH)(PS), 2012 WL 42940 (D.N.J. Jan. 6, 2012) (citing <u>Ventura v. Collectcorp Corp.</u>, No. 11–4576 (JLL), 2011 WL 4625365, at *2 (D.N.J. Sep.30, 2011))); <u>Hubbard v. Nat'l Bond & Collection Assocs.</u>, 126 B.R. 422, 426–27 (D. Del. 1991). A creditor's knowledge of representation is not "automatically imputed" to the debt collector. <u>Id.</u> (citing <u>Ventura</u>, 2011 WL 4625365; Federal Trade Commission, Staff Commentary on the Fair Debt Collection Practices Act, Section 805, 53 Fed.Reg. 50,097 (1988) ("The creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector.")).

Plaintiff has not presented sufficient factual allegations to support the inference that Defendant had actual knowledge of Plaintiff's representation. The allegation that Defendants "knew or could have readily ascertained that Plaintiff was represented by counsel" is a "naked assertion" insufficient on its own to survive a motion to dismiss. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)). As a result, this claim will be dismissed.

Section 1692c(c) of the Act provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-

5

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

"The plain language of the statute requires a written communication directly to the debt collector. Accordingly, in order to prevail on a claim pursuant to § 1692c(c), a plaintiff must establish that he notified the defendant debt collector in writing that he refused to pay the debt or that communications should cease." Micare v. Foster & Garbus, 132 F. Supp. 2d 77, 81 (N.D.N.Y. 2001). Further, it appears Defendant's communication is in compliance with 15 U.S.C. § 1692(c)(2) and (3), which permit the debt collector to notify the consumer that the debt collector or creditor may invoke a specified remedy or remedies, and with the notice requirement imposed upon debt collectors by 15 U.S.C. § 1692g(a). Therefore, the motion to dismiss will be granted.

## Conclusion

For the reasons set forth here, Plaintiff's Complaint will be dismissed without prejudice.[1] An appropriate Order will be filed.


Dated: March 31, 2014                           /s/ Joseph H. Rodriguez
                                               JOSEPH H. RODRIGUEZ
                                                    U.S.D.J.

---

[1] If appropriate, Plaintiff may file a motion for leave to amend the Complaint, with the parties given the opportunity to brief the issue, but based upon the facts alleged the Court will not automatically grant Plaintiff leave to amend. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008); see also Foman v. Davis, 371 U.S. 178 (1962) (holding that leave to amend under Rule 12(b)(6) should be freely given in the absence of any declared reason such as the futility of the proposed amendment).